UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILLIAM CHUE
       Petitioner,

   -against-           OPINION
                   04 Civ. 8668 (RLC)
THE UNITED STATES OF AMERICA    94 Cr. 626 (RLC)

       Respondent.
------------------------------------------------------------- X

**ROBERT L. CARTER, United States District Judge**

  William Chue petitions pursuant to 28 U.S.C. § 2255 ("§ 2255") to vacate, set aside or correct his sentence.

  From 1986 through 1994 Chue was a member of the Pell Street faction of the Flying Dragons, a violent street gang. Among other things, he conspired to murder Irving Wong, a heroin trafficker; participated in the shootings of rival gang members; robbed individuals; and trafficked in heroin. Chue fled to Texas shortly before his arrest. He was extradited to New York several months later.

  On May 23, 1995, Chue pleaded guilty to participating in the affairs of a racketeering organization in violation of 18 U.S.C. § 1962 ("Count One"), and using and carrying firearms during and in relation to the racketeering offenses charged in Count One, in violation of Title 18, U.S.C. § 924(c) ("Count Two"). On May 7, 2003, Chue was sentenced to 220 months' imprisonment on Count One and a consecutive term of 60 months' imprisonment on Count Two, totaling 280 months. A three year term of supervised release and a $100 special assessment were imposed.

  On November 3, 2004, Chue submitted a *pro se* § 2255 petition alleging that his trial counsel failed to provide effective assistance. He alleges that defense counsel was

ineffective because (1) counsel failed to raise a Sixth Amendment challenge to judicial fact-finding involved in calculating his offense levels under the Federal Sentencing Guidelines ("Guidelines"); (2) counsel did not object to the district court's imposition of a sentence without ruling on Chue's sentencing submission; (3) counsel did not move for a downward departure on the grounds that Chue's conditions of confinement prior to sentencing were poor; and (4) counsel did not object that the government's § 5K1.1 letter understated the extent of Chue's cooperation. For the reasons below, Chue's ineffective assistance of counsel claims are denied.

## DISCUSSION

To succeed on a claim of ineffective assistance of counsel Chue must show "(1) that his attorney's performance fell below an 'objective standard of reasonableness,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Kieser v. New York, 56 F.3d 16, 18 (2d Cir.1995) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). An attorney's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," Strickland at 466 U.S. at 690, as courts adopt a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689, and will not second guess counsel's reasonable assessment of the benefits of competing courses of action, id. at 691.

*Sixth Amendment claims*

Chue argues that he received ineffective assistance of counsel because his lawyer failed to raise Sixth Amendment challenges under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543

2

U.S. 220 (2005). Apprendi held that any fact, other than that of a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Blakely held that the Sixth Amendment prohibits the imposition of a sentence greater than "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303. And Booker –which held that the Guidelines violated the Sixth Amendment to the extent that they allowed the maximum sentence authorized by a guilty plea or a verdict to be increased based upon a judge's findings of fact—rendered the Guidelines advisory. 543 U.S. at 259.

Blakely and Booker were decided after Chue's sentencing. It was not outside the wide range of competent performance for Chue's attorney to have failed to anticipate their holdings. See, e.g., Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) ("Counsel is not required to forecast changes in the governing law."); Muniz v. United States, 360 F.Supp.2d 574, 579 (S.D.N.Y.2005) (finding that "because counsel's performance must be judged as of the time of counsel's conduct," petitioner's attorney could "not be deemed ineffective for failing to anticipate a potential Sixth Amendment challenge as alleged in Booker)"; Alston v. United States, No. 5:04-CV-1049, 5:02-CR-0054, 2005 WL 3434811, at *3 fn. 7 (N.D.N.Y. Dec. 13, 2005) ("courts within this Circuit have uniformly held that counsel cannot be found to have rendered ineffective assistance by failing to anticipate the Supreme Court's decisions in Blakely and Booker"). Furthermore, at the time of Chue's sentencing, the law in this Circuit was that Apprendi "did not apply to the Federal Sentencing Guidelines enhancements, so long as the resulting sentence was within the applicable statutory maximum." Gallego v. United

3

States, No. CV 04 5584 CPS, 2005 WL 1398089, at *2 (E.D.N.Y. June 13, 2005) (citing United States v. Norris, 281 F.3d 357, 361 (2d Cir. 2002)). Since Chue's sentence was within the applicable statutory maximum, it was not outside the wide range of competent performance for Chue's attorney to have failed to invoke Apprendi.

### Pre-Sentencing submission

Chue argues that he received ineffective assistance of counsel because his attorney did not request that the court address Chue's Pre-Sentence Memorandum before imposing sentence. This argument is meritless. As the record shows, prior to sentencing, Chue's attorney asked the court whether it had had a chance to review Chue's pre-sentence submission. The court responded "I have received your memo," thus indicating that it had duly considered Chue's submissions. (See Compendium of Ex. to Mem. of Law of the United States of America in Opp'n to Pet'r William Chue's Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, Ex. D. 3.) It was not below an objective standard of reasonableness for Chue's lawyer not to press the issue. Furthermore, Chue was not prejudiced by his attorney's decision. The court, having had already carefully examined all aspects of the case prior to sentencing Chue, would not have imposed a different sentence had Chue's attorney insisted on a more detailed explanation.

### Pre-sentence confinement conditions

Chue argues that he received ineffective assistance of counsel because his attorney failed to seek a downward departure based on the conditions of his confinement prior to sentencing. "[P]re-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures." United States v. Carty, 264 F.3d 191, 196

4

(2d Cir. 2001). "In recognizing the offender's pre- or post-sentence conditions of confinement as permissible grounds to warrant downward departures, the courts have granted relief generally where the conditions in question are extreme to an exceptional degree and their severity falls upon the defendant in some highly unique or disproportionate manner." United States v. Mateo, 299 F.Supp.2d 201, 208 (S.D.N.Y. 2004). Chue complains that during his eight-year period of incarceration before sentencing he had limited access to dental care; he had one painful tooth extracted as part of emergency care; he was exposed to cigarette smoke from other inmates; the unit air conditioner sometimes did not work for days at a time during summer months; he suffered from a rash that was treated but uncured; the phone, shower, and toilet facilities were the objects of fights; and he felt unsafe because he was a cooperator. These alleged substandard conditions, although unpleasant, do not warrant a downward departure. Not only were they neither extreme nor extraordinary, they did not even approximate those conditions that courts in this district have found sufficient to justify such relief. This court cannot find fault with Chue's lawyer's decision not to move for a downward departure based upon the conditions of Chue's confinement.

### *Government Characterization and § 5K1.1 Letter*

Chue argues that he received ineffective assistance of counsel because his attorney did not object to the government's characterization of his cooperation pursuant to U.S.S.G. § 5K1.1. Chue argues that the government's § 5K1.1 letter ("Letter") omits essential information about his cooperation, the inclusion of which might have induced the court to impose a different sentence.

5

The Letter advised the court that Chue provided the government with details of the murder of Wong; provided information regarding the heroin trafficking activities of the Flying Dragons; provided information about the source of his heroin; had a friend surrender to the government an illegally obtained firearm; and identified his co-conspirators.

Chue argues that the government's description of his cooperation is incomplete. He claims that the government omitted information about a so-called "Dominican connection," to whom Chue sold heroin; a high-ranking member of another gang who had previously supplied Chue with heroin; a heroin dealer who appeared to be holding and raping a girl in captivity; and a "Chinese gangster" who was a heroin dealer and a part owner of a gambling parlor. Chue also claims that he convinced his sister to provide information about the whereabouts of a fugitive gang member wanted in connection with this case. According to Chue, the individual was arrested about two weeks later, at which time Chue relayed to the government what he knew about the individual. Chue also told the government about a murder plot involving several gang members, he convinced another individual to surrender to the government and offer cooperation, and he convinced his girlfriend's sister to provide information about a cocaine smuggler. According to Chue, since the government did not detail this information to the court, it inadequately informed the court about the extent of his cooperation.

The government argues that any discrepancies between Chue's account of his cooperation and the government's account are inconsequential. According to the government, the information Chue details proved to be of little value. The government avers that Chue's information duplicated what it had already received from other gang

6

members; that Chue's utility as a cooperator was limited because his role in the Wong murder conspiracy made him a difficult witness; and that the individual Chue convinced to cooperate with the government failed to maintain the required periodic contacts with investigators.

Chue has not shown that his attorney's decision not to apprise the court of details that demonstrated no greater service to the government than that described in the Letter fell below an objective standard of reasonableness. It was within the realm of strategic choice for his attorney to conclude that relating the extra information would not have impacted Chue's sentence. Furthermore, Chue did not suffer any prejudice in consequence. None of the information Chue argues was improperly excluded provided substantial assistance in the prosecution or investigation of another person. Therefore, had Chue's attorney raised the issue with the court, the court would have reached the same result.

## CONCLUSION

For the foregoing reasons, Chue's habeas petition is denied. His motion and the files and records of the case conclusively show that Chue is entitled to no relief, so no hearing is required.

**IT IS SO ORDERED.**

DATED:   New York, New York
         June 29, 2010

                                          _____
                                          Robert L. Carter
                                          United States District Judge